# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

(Filed: February 25, 2026)

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
BOBBIE SHOLDEBRAND,            *
                              *      No. 18-1368V
             Petitioner,      *
                              *      Special Master Dorsey
v.                            *
                              *      Attorneys' Fees and Costs
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
             Respondent.      *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Julia Marter Collison, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 7, 2018, Bobbie Sholdebrand ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she suffered "neck pain and loss of range of motion" as a result of receiving Hepatitis B ("Hep B") vaccinations administered on April 6, 2016, and May 18, 2016. Petition at 1-2 (ECF No. 1). On May 7, 2025, the undersigned issued her decision denying entitlement and dismissing the petition. (ECF No. 138).

On July 25, 2025, petitioner filed a motion for attorneys' fees and costs. Motion for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Attorney Fees and Costs ("Fees App.") (ECF No. 142).  Petitioner requests compensation in the amount of $118,749.28, representing $79,788.80 in attorneys' fees and $38,960.48 in costs. Fees App. Tab A at 1. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs in pursuit of this claim. Fees App. Tab H at 1. Respondent filed his response on July 25, 2025, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 143). Petitioner did not file a reply.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $114,734.84.**

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

2

and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i.    Reasonable Hourly Rates

Petitioner requests a total of $79,788.80 in attorneys' fees. Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Gage: $311.00 per hour for work performed in per hour for work performed in 2016, $318.00 per hour for work performed in per hour for work performed in 2017, $326.00 per hour for work performed in per hour for work performed from 2018-2020, $362.00 per hour for work performed in 2021, $393.00 per hour for work performed in 2022, $422.00 per hour for work performed in 2023, $441.00 per hour for work performed in 2024, and $450.00 per hour for work performed in 2025; and for Ms. Kristen Blume: $270.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, $326.00 per hour for work performed in 2020, $355.00 per hour for work performed in 2021, $393.00 per hour for work performed in 2022, $422.00 per hour for work performed in 2023, $441.00 per hour for work performed in 2024, and $450.00 per hour for work performed in 2025. See Fees App. Ex. B. Additionally, Petitioner requests between $120.00 to $162.00 per hour for work performed by paralegals from 2016-2025. See id. The requested rates are reasonable and shall be awarded herein.

### ii.    Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds that reduction is required. First, there are various entries for time completing administrative tasks. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of

3

<u>Health & Human Servs.</u>, No. 19-1221V, 2023 WL 1956423, at \*3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); <u>see also</u> <u>Rochester v. United States</u>, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). For example, time was billed for the following entries: "Organized medical records," "Created Exhibits," "Filed records," and "Drafted Notice of Filing," <u>See</u> Fees. App. Tab B at 1-3, 6-10, 13-15, 17, 22-24. There are more than 30 billing entries for clerical and administrative tasks. *See, e.g., id*.

Additionally, there are various entries that are inadequately described in the billing records. For example, on October 17, 2017, Mr. Gage billed 1.5 hours for "Records and correspondence to Dr. Kinsbourne;" on August 5, 2021, Mr. Gage billed 1.2 hours for "correspondence to Dr. Bodor;" and on May 14, 2025, Paralegal Eyzabeth McDonald billed 7 hours for "compared times to docket." <u>See</u> Fees. App. Tab B at 2-4, 6-7, 13, 16, 24-25. There are more than 15 vague billing entries. *See, e.g., id*. Vague billing frustrates the undersigned's ability to assess the reasonableness of the time expended, and many of the entries look excessive without further explanation. Special masters have previously decreased an award of attorneys' fees for vagueness. *Mostovoy v. Sec'y of Health Human Servs.*, No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb.4, 2016); *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl.Ct. 751, 760 (1989). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at \*8 (Fed. Cl. Spec. Mast. July 27, 2009).

Considering all of the above, the undersigned finds that a 5% reduction to petitioner's requested attorneys' fees is reasonable and appropriate. This results in a reduction of **$3,989.44**.

Petitioner is therefore awarded final attorneys' fees of $75,799.36.

### b.  Attorneys' Costs

Petitioner requests a total of $38,960.48 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, legal research, postage, a bank fee and expert services provided by Dr. Marko Bodor for 14.2 hours at $500.00 per hour, totaling $7,100.00, and by Dr. Marcel Kinsbourne for 60 hours at $500.00 totaling $30,000.00. Fees App. Ex. G at 1. Some of these costs require further review.

Petitioner explains that there is no final bill available for Dr. Kinsborne because he passed away in 2024. Fees App. Ex. G at 17. Petitioner notes that Dr. Kinsborne produced two expert reports and testified at the causation hearing. *Id*. Petitioner requests that 60 hours be awarded for Dr. Kinsbourne's work – allocating 45 hours for record review, literature research, writing the expert reports, and communication with petitioner's counsel, and 15 hours for preparing for trial and trial attendance. *Id*. Although there is no invoice for Dr. Kinsbourne's

expert services, the undersigned nevertheless finds that this rate is consistent with what Dr. Kinsbourne has been previously awarded, and is also reasonable herein. See, e.g., Nieves v. Sec'y of Health & Human Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023). Moreover, the hours requested for Dr. Kinsbourne's expert services are also reasonable; therefore, his services shall be awarded in full.

Finally, petitioner requests $25.00 for a "Bank Transfer Fee." This charge appears to be administrative in nature and has not been substantiated by the record. Without further information, the undersigned cannot ascertain the purpose of this cost, nor its reasonableness, and it will therefore not be compensated.

Accordingly, petitioner is awarded final attorneys' costs of $38,935.48.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $79,788.80 |
| (Total Reduction from Billing Hours) | ($3,989.44) |
| **Total Attorneys' Fees Awarded** | **$75,799.36** |
| | |
| Attorneys' Costs Requested | $38,960.48 |
| (Reduction of Costs) | ($25.00) |
| **Total Attorneys' Costs Awarded** | **$38,935.48** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$114,734.84** |

**Accordingly, the undersigned awards $114,734.84 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.